**Filberto MENDEZ–MORALES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73923.
Agency No. A77–512–678.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 19, 2004.

Kevin A. Bove, Attorney at Law, Escondido, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Homeland Security, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Anh–Thu P. Mai, U.S. Department of Justice, Washington, DC, for Respondent.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

## MEMORANDUM **

Filberto Mendez–Morales, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the interpretation and application of immigration laws, *Andreiu v. Ashcroft*, 253 F.3d 477, 482 (9th Cir.2001) (en banc), and we deny the petition.

Mendez did not accrue ten years of continuous physical presence before he was served with a notice to appear and was therefore statutorily ineligible for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(1). This conclusion is required by the wording of the statute. *Ram v. INS*, 243 F.3d 510, 518 (9th Cir.2001) ("Congress did not intend for aliens to circumvent the stop-time rule by accruing the requisite years of continuous physical presence in the United States after deportation proceedings commence.").

We decline to consider Mendez's contention that the BIA improperly streamlined his case because, since the panel had jurisdiction to review the merits of the agency's decision, Mendez's contention is "superfluous." *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 855 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**